UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| State of South Carolina, | ) | C/A No. 6:26-cv-1209-JDA-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Bralyn Jackson, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This action was commenced by a *pro se* litigant, Bralyn Jackson, who identifies himself as the "Defendant." Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B), D.S.C., the undersigned United States Magistrate Judge is authorized to review the pleadings for relief and submit findings and recommendations to the District Court. For the reasons below, the undersigned concludes that this action is subject to summary dismissal and/or should be remanded to the state court.

## BACKGROUND

Defendant commenced this action by filing a document captioned as a Notice of Removal. ECF No. 1. Defendant contends he is "removing this matter from the 13th Circuit Court of Greenville, South Carolina to the United States District Court of Greenville County, South Carolina due to Improper Venue, Lack of Subject Matter Jurisdiction, and Lack of Personal Jurisdiction . . . ." *Id*. at 1. Defendant does not specifically identify any case by name or number that he is seeking to remove, nor has he attached to the Notice any state court documents. Defendant provides the following facts, which are quoted from the Notice verbatim:

> I am a Legal and Living being residing in the State of South Carolina
> within the Republic of the United States of America. I am not

1

attached to the all caps foreign Cestui Que Act trust entity BRALYN TASHAUN JACKSON attached to the SSN created upon birth and used in commercial activity subject to admiralty law within the United States Corporation under the District of Columbia Organic Act of 1871 and other countries within the Hague Convention on International Child Abduction (1980).  *See (Exhibit C1)*.  When entering a criminal court operating within admiralty law, the all caps name printed as the Defendant which is a corporation entity tied to the of the United States Corporation is what's used to establish personal jurisdiction binding them as dead in law, claimable at sea by convictions.  *See (CE)*.  Jurisdiction is categorized by two forms, Subject Matter Jurisdiction and Personal Matter Jurisdiction.  A State Court has Subject Matter Jurisdiction when the alleged crime violates State Laws and is committed within a Municipal, County, or Jurisdiction of the State.  In this instance, Courts gain Personal Jurisdiction when Citizens of the United States of America give Lawyers fiduciary authority to act on their behalf, are not knowledgeable of their rights or become ultimately exhausted during the pretrial stages. Original jurisdiction over foreign states that cause physical injury or death automatically belong to the U.S. District Courts.  *See (C3)*.  State Courts are not allowed to interact with foreign states unless stated otherwise as backed by 28 U.S. Code§ 1330, the FOREIGN SOVEREIGN IMMUNITY ACTS of 1976.

*Id*. at 1–2.

The Court takes judicial notice[1] that Defendant has been charged in the Greenville County Court of General Sessions with (1) armed robbery at case number 2023A2320601684 (indictment number 2024GS2306134) and (2) possessing a weapon during a violent crime at case number 2023A2320601685 (indictment number 2024GS2306134).  *See* Greenville County Thirteenth Judicial Circuit Public Index, available at https://publicindex.sccourts.org/Greenville/ PublicIndex/PISearch.aspx (last visited Mar. 24, 2026) (search by case numbers listed above).  The

---

[1] *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

Court also takes judicial notice that Defendant has also recently filed two other cases in this Court in efforts to challenge the pending state court criminal proceedings noted above at case numbers 25-12554 and 26-00998.

## STANDARD OF REVIEW

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, which authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Because Defendant is a *pro se* litigant, the pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Defendant could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

This Court possesses the inherent authority to review a *pro se* pleading to ensure that subject matter jurisdiction exists and that a case is not frivolous, even when the complaint is not

subject to the prescreening provisions of 28 U.S.C. § 1915. *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) ("[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid . . . [and] because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted.") (citations omitted); *see also Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) ("[D]istrict courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee[.]"); *Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989) ("[A] district court's obligation to review its own jurisdiction is a matter that must be raised *sua sponte*, and it exists independent of the 'defenses' a party might either make or waive under the Federal Rules."); *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1342 (9th Cir. 1981) (providing a judge may dismiss an action *sua sponte* for lack of subject matter jurisdiction without issuing a summons or following other procedural requirements).

Although the Court must liberally construe the *pro se* pleadings and Defendant is not required to plead facts sufficient to prove her case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining a plaintiff may proceed into the litigation process only when her complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged.'"  *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014). A complaint must contain factual allegations, otherwise the claim is nothing more than a bare assertion and frivolous.  *See White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (stating minimum level of factual support required); *Cook v. Kraft Foods Global, Inc.*, 184 F. App'x 348, 349 (4th Cir. 2006) ("[W]hile the liberal pleading requirements of [Federal Rule of Civil Procedure] 8(a) demand only a short and plain statement of the claim, a plaintiff must often offer more detail than the bald statement that he has a valid claim of some type against the defendants.") (internal quotation marks omitted).

## **DISCUSSION**

### **Improper Removal**

Defendant commenced this action by filing a purported Notice of Removal.  ECF No. 1. Defendant does not identify what state court action he is seeking to remove, and he has not attached copies of the state court documents to the Notice.  As such, removal is improper because Defendant fails to satisfy the procedural requirements of § 1455, as he did not provide a short and plain statement of the grounds for removal (§ 1455(b)(2)), and did not file all required state court documents (§ 1455(a)).

Further, "[u]nder the removal statute, 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant' to federal court."  *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (quoting 28 U.S.C. § 1441(a)).  When a defendant in a state court case files a notice of removal in a United States District Court, that court "shall examine the notice promptly."  28 U.S.C. § 1455(b)(4).  "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."  *Id.*  Such is the case here.  As

discussed below, Defendant has not presented allegations showing this Court has original jurisdiction over any claims asserted and the removal is improper under the removal statutes.

Although Defendant has not identified any underlying state court action, Defendant appears to be attempting to remove his pending state court criminal actions in the Greenville County Court of General Sessions. "In the context of criminal prosecutions, this court lacks subject matter jurisdiction, except in certain narrow circumstances." *South Carolina v. Brooks*, C/A No. 5:21-cv-3155-BHH-MHC, 2021 WL 9553011, at \*2 (D.S.C. Oct. 25, 2021) (collecting cases), *R&R adopted by* 2022 WL 4129393 (D.S.C. Sept. 12, 2022). "A defendant in a criminal proceeding in state court may properly remove the action only when he or she meets the substantive requirements of 28 U.S.C. § 1443 and the procedural requirements of 28 U.S.C. § 1455." *Commonwealth of Virginia v. El*, C/A No. 3:16-cv-128, 2016 WL 4507814, at \*3 (E.D. Va. Aug. 26, 2016). Defendant has not identified any grounds to justify an exception to the general rule prohibiting removal of a state court criminal proceeding.[2] *See Little v. Unnamed Persons*, C/A No. 1:25-cv-746, 2025 WL 3027976, at \*1 (M.D.N.C. Aug. 25, 2025) ("Plaintiff does not appear to satisfy the conditions of those three statutes because his filings lack allegations that he acted as or assisted a federal official, acted as a military member, or faces denial of racial equality under a

---

[2] For example, under 28 U.S.C. § 1443(1), a defendant subject to a criminal prosecution in state court may remove the action to federal court when the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). "Removal under section 1443(1) is limited to the rare situations in which a defendant cannot enforce the right to racial equality in state courts." *North Carolina v. Mitchell*, 76 F. Supp. 3d 618, 620 (E.D.N.C. 2014). Defendant's Notice of Removal fails to establish any such facts to support removal under this provision because he has failed to plausibly allege that he has been denied or cannot enforce the right to racial equality in the South Carolina state courts. Defendant has also not alleged facts showing he is a federal officer and removal would therefore not be proper under § 1443(2).

specific law."), *R&R adopted by* 2025 WL 3026445 (M.D.N.C. Oct. 29, 2025).  Because Defendant has failed to demonstrate that he is entitled to removal under one of the limited enumerated grounds, "Defendant cannot remove the state criminal action pending against him to federal court and litigate his case here, nor can this Court dismiss the state criminal charges against him." *State of W. Virginia v. Jones*, C/A No. 1:24-cv-26, 2024 WL 2703287, at *5 (N.D.W. Va. May 1, 2024), *R&R adopted by* 2024 WL 2702668 (N.D.W. Va. May 24, 2024)

**The Court Lacks Jurisdiction**

Setting aside the issues with removal, the Court also lacks subject matter jurisdiction over any claims asserted in this action.

### *Jurisdiction Generally*

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).  Subject-matter jurisdiction cannot be conferred by the parties, nor can a defect in subject-matter jurisdiction be waived by the parties.  *See United States v. Cotton*, 535 U.S. 625, 630 (2002).  An issue of subject-matter jurisdiction may be raised at any point during the proceedings and may even be raised by the Court *sua sponte*.  28 U.S.C. § 1447(c).  Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure.  *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).  Federal district courts have original jurisdiction over two types of cases: (1) federal question cases and (2) diversity cases. 28 U.S.C. §§ 1331, 1332.  The Court will consider whether it has jurisdiction on the basis of both federal question and diversity.

***Federal Question Jurisdiction***

Federal question jurisdiction arises from 28 U.S.C. § 1331, which provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To determine whether the claims in a case "arise under" the laws of the United States, courts apply the "well-pleaded complaint rule," which focuses on the allegations of the complaint. *Prince v. Sears Holdings Corp.*, 848 F.3d 173, 177 (4th Cir. 2017) (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004)). "In other words, federal question jurisdiction exists 'only when a federal question is presented on the face of the plaintiff's properly-pleaded complaint.'" *Burbage v. Richburg*, 417 F. Supp. 2d 746, 749 (D.S.C. 2006) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *King v. Marriott Int'l, Inc.*, 337 F.3d 421, 426 (4th Cir. 2003).

The Notice of Removal, if treated as a Complaint, cites without explanation various federal statutes including 28 U.S.C. §§ 1330, 1333, 1404, 1406, 1603, 1605B, and 1608. However, other than citing to these federal statutes, Defendant fails to allege facts to support any cognizable claim arising under any of these statutes or other federal statutes. Federal question jurisdiction cannot be manufactured "merely by citing to a federal law that plainly does not apply." *Whatley v. City of N. Charleston*, C/A No. 2:23-cv-516-SAL-PJG, 2023 WL 3440690, at *2 (D.S.C. Mar. 9, 2023), *R&R adopted by* 2023 WL 3433429 (D.S.C. May 12, 2023), *aff'd*, No. 23-1538, 2023 WL 6972448 (4th Cir. Oct. 23, 2023); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) ("Dismissal for lack of subject-matter jurisdiction because of the inadequacy of [a] federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." (internal quotation marks omitted)); *Burgess v. Charlottesville Sav. & Loan Ass'n*, 477 F.2d 40, 43–44 (4th

Cir. 1973) ("[T]he mere assertion in a pleading that the case is one involving the construction or application of the federal laws does not authorize the District Court to entertain the suit[,] nor does federal jurisdiction attach on the bare assertion that a federal right or law has been infringed or violated or that the suit takes its origin in the laws of the United States.") (internal citations and quotation marks omitted). Accordingly, Defendants blanket references to these federal statutes are insufficient to establish federal question jurisdiction. *Howell v. SoFi Bank, N.A.*, C/A No. 6:24-cv-06280-JDA, 2025 WL 1167851, at *3 (D.S.C. Apr. 22, 2025). Accordingly, the face of the pleadings filed in this case does not support federal question jurisdiction over the claims presented.

### *Diversity Jurisdiction*

To the extent Defendant is intending to assert any state law claims, they cannot support subject matter jurisdiction under the diversity statute, 28 U.S.C. § 1332. The diversity statute imposes two requirements—(1) complete diversity between the parties and (2) an amount in controversy in excess of $75,000.00. *See* 28 U.S.C. § 1332(a)*; Anderson v. Caldwell*, C/A No. 3:10-cv-1906-CMC-JRM, 2010 WL 3724752, at *4 (D.S.C. Aug. 18, 2010), *R&R adopted by* 2010 WL 3724671 (D.S.C. Sept. 15, 2010). Complete diversity of the parties means that no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372–74 (1978).

Here, there is not complete diversity as Defendant resides in South Carolina and purports to sue the state of South Carolina. Therefore, the Court lacks diversity jurisdiction in this case.

**Sovereign Citizen Allegations**

Additionally, this action is subject to dismissal because it is premised on a frivolous legal theory. The Notice of Removal is replete with assertions espousing the "sovereign citizen" argument, which "has been rejected repeatedly by the courts." *Smith v. United States*, C/A No.

9

1:12-cv-00900, 2013 WL 5464723, at *1 (S.D.W. Va. Sept. 30, 2013) (internal quotation marks omitted). Adherents to the sovereign citizen theory "believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." *United States v. Ulloa*, 511 F. App'x 105, 106 n.1 (2d Cir. 2013); *see also Presley v. Prodan*, C/A No. 3:12-cv-3511-CMC-JDA, 2013 WL 1342465, at *2 (D.S.C. Mar. 11, 2013) (collecting cases describing the sovereign citizen movement and its common features), *R&R adopted by* 2013 WL 1342539 (D.S.C. Apr. 2, 2013). Federal courts have repeatedly rejected the sovereign citizen theory as baseless. *See, e.g., United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status . . . as a 'sovereign citizen' . . . that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented."); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (describing the "sovereign citizen" theory as having "no conceivable validity in American law"); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (explaining the defendant claimed he was "outside" the jurisdiction of the United States; however, the court found this argument to be "completely without merit" and "patently frivolous" and rejected it "without expending any more of this Court's resources on discussion"); *Glover v. South Carolina*, C/A No. 5:16-cv-00969-JMC, 2017 WL 1836982, at *1 n.1 (D.S.C. May 8, 2017), *appeal dismissed*, No. 17-6846, 2017 WL 5197454 (4th Cir. Nov. 8, 2017).

The Notice of Removal contains assertions that bear all the hallmarks of the sovereign citizen theory. For example, Defendant contends he is a "Legal and Living being residing in the State of South Carolina within the Republic of the United States of America" and that he is "not attached to the all caps foreign Cestui Que Act trust entity BRALYN TASHAUN JACKSON attached to the SSN created upon birth and used in commercial activity subject to admiralty law

10

within the United States Corporation . . ." ECF No. 1 at 1. These, and other assertions, leave no doubt that Defendant premises his claims, at least in part, on sovereign citizen theories, which have been found to be "utterly frivolous" and "patently ludicrous" claims, using "tactics" that are "a waste of their time as well as the court's time, which is paid for by hard-earned tax dollars." *Barber v. Countrywide Home Loans, Inc.*, C/A No. 2:09-cv-40, 2010 WL 398915, at *4 (W.D.N.C. Oct. 7, 2009); *see also Nunez v. D.T.C.*, C/A No. 4:13-cv-244-TMC, 2013 WL 5409219, at *3 (D.S.C. Sept. 25, 2013) (finding documents and arguments similar to those in the present case to be "frivolous and a waste of court resources"). Because Defendant is asserting claims in this case based on the sovereign citizen theory, his claims are subject to summary dismissal as frivolous.

**Abstention**

Finally, in addition to all of the above reasons for dismissal, the undersigned concludes that the Court should abstain from considering Defendant's claims related to the pending state court proceedings based on the *Younger* abstention doctrine. As noted, the Notice of Removal does not expressly state what state court action or claims Defendant is attempting to remove to this Court. However, the undersigned takes judicial notice of the state court Public Index as well as Defendant's prior actions filed in this Court and concludes that Defendant appears to bring this action as a method to interfere with or challenge his pending state court criminal proceedings.

Because Defendant's claims appear related to the charges currently pending against him in the Greenville County Court of General Sessions, this Court should abstain from considering such claims under the *Younger* abstention doctrine. Absent extraordinary circumstances, a federal court must abstain from exercising federal jurisdiction when doing so would interfere with a pending state criminal proceeding. *Younger v. Harris,* 401 U.S. 37, 44 (1971) (holding that a federal court must abstain from enjoining a state criminal proceeding); *see Samuels v. Mackell,* 401 U.S. 66

11

(1971) (holding that federal courts may not provide a plaintiff with declaratory relief when he is subject to a pending state court criminal prosecution). *Younger* demands abstention "where granting the requested relief would require adjudication of federal constitutional issues involved in the pending state action." *Traverso v. Penn,* 874 F.2d 209, 212 (4th Cir. 1989). It is widely accepted that a defendant in a state criminal trial has an adequate remedy outside of federal proceedings because he can litigate constitutional claims in defense of the state prosecution. *See Nivens v. Gilchrist,* 444 F.3d 237, 241 (4th Cir. 2006).

Pursuant to the *Younger* abstention doctrine, a district court is required to abstain from interfering in state proceedings, even if jurisdiction exists, when there is (1) an ongoing or pending state judicial proceeding, instituted prior to any substantial progress in the federal proceedings; that (2) implicates important state interests; and (3) provides the plaintiff with an adequate opportunity to raise the federal constitutional claim advanced in the federal lawsuit. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432–34 (1982); *Laurel Sand & Gravel, Inc. v. Wilson,* 519 F.3d 156, 165 (4th Cir. 2008). If the elements are satisfied, a district court must abstain from interfering unless there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex,* 457 U.S. at 435. Each of these factors is satisfied, and the Court should therefore abstain from interfering with Defendant's pending state court criminal proceedings.

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, it is recommended that the district court **REMAND** this action to the state court.

**IT IS SO RECOMMENDED**.

s/William S. Brown
United States Magistrate Judge

March 24, 2026
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).