IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| State of South Carolina, | ) | Case No. 6:26-cv-01209-JDA |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION AND ORDER** |
| v. | ) | |
| | ) | |
| Bralyn Jackson, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's Notice of Removal and a Report and Recommendation ("Report") of the Magistrate Judge. [Docs. 1; 7]. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings.

Defendant commenced this action on March 20, 2026, by filing a document captioned as a notice of removal. [Doc. 1.] On March 24, 2026, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the action be remanded to the state court because Defendant failed to satisfy the procedural requirements of 28 U.S.C. § 1455, present allegations showing that the Court has original jurisdiction over any claims asserted, or identify any grounds to justify an exception to the general rule prohibiting removal of a state court criminal proceeding. [Doc. 7 at 5–7; 13.] Further, the Magistrate Judge concluded that the Court lacks subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1332, the action is premised on a frivolous legal theory, and the action is barred by *Younger v. Harris,* 401 U.S. 37, 44 (1971). [*Id.* at 7–12.] The Magistrate Judge advised the parties of the procedures and requirements for filing

objections to the Reports and the serious consequences if they failed to do so.  [*Id.* at 14.]
No party has filed objections and the time to so has lapsed.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

The Court has reviewed the record in this case, the applicable law, and the Report of the Magistrate Judge for clear error.  Having done so, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference.  Accordingly, the Court REMANDS this action to the state court.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

April 21, 2026
Greenville, South Carolina

2